BEER, Judge.
Thomson International Company (hereafter, “Thomson”) seeks to recover the sum of $4,429.71 alleged to be owed by Brazan for service and parts furnished in the attempted repair of a harvester.
Brazan had purchased a used harvester from Thomson, who agreed that for $1,500 it would be put in good working condition. Work was, accordingly, done on the machine by Thomson. However, the performance of the harvester was unsatisfactory, resulting, finally, in attempts by Brazan, himself, to repair it. In the course of these efforts, he obtained a number of harvester parts from Thomson. Thus, the sum sought to be recovered here is the total of the *417 original $1,500 plus subsequent invoices for services and parts, some of which cover the parts obtained and installed by Brazan after the initial (unsuccessful) attempted repair by Thomson.
The trial court determined that the agreement to repair the harvester' for $1,500 had never been effectively carried out. Thomson’s claim was dismissed not only as to the $1,500, but as to the entire amount, including the parts obtained and installed by Brazan.
Thomson appeals.
It appears by inference that the able trial judge concluded that any expenses related to the repair of the harvester were not recoverable since such expenses were incurred pursuant to the agreement to put the harvester in working condition — an agreement that the record indicates was breached.
However, certain of the work done (and the parts used for it) is difficult to categorize as repair work. For example, invoice #3828 (P-1) covers, in part, a charge of $1,000 for converting the wheels of the harvester to a larger size. According to Thomson’s sales manager, Collinson, the estimate of $1,500 did not include wheel conversion which was estimated separately at $1,000. Indeed, Brazan’s somewhat confusing explanation of the purpose of the wheel conversion (Tr. 65) is that it was done at his request and separately from the repair work. However, there is also testimony to indicate that the reason for placing larger wheels on the harvester was because it would not run in wet soil conditions. (Tr. 57.) Thus, the wheel conversion could be categorized as a repair in that respect.
Invoice #3759 (P-2) shows a charge of $75.90 for services of James Woods, who operated a harvester lent to Brazan. The trial court found this charge to be “related to” the issue in litigation, as was the case in the conversion of the steering mechanism to cylinder type steering, at a price of $484.22.
The trial judge dismissed all of these claims, observing:
“This is a suit initially filed by Thompson International Company seeking recovery the sum of $4,429.71 on open account for repairs, parts, service furnished to the Defendant, Richard Brazan. Defendant filed an answer and reconventional demand which it has set forth that the Defendant had purchased a certain piece of equipment from the Plaintiff specifically a used Golden Harvester and that these repairs were the responsibility of Plaintiff under the terms of that purchase agreement. The Defendant further alleged that certain defects existed in said harvester which were of such a nature as could not be discovered upon simple inspection at the time of the purchase, that these defects rendered the harvester useless to petitioner in recon-vention who therefore asked for a resci-sión of the sale and a refund of the purchase price in the sum of $12,951.12. The testimony indicates that both parties, of course, were aware of the fact that this was a used harvester, however, the testimony also indicates specifically that of Mr. Anderson and Mr. Brazan which was not, in fact, seriously contradicted by Mr. Collinson, that there existed an agreement on behalf of the Plaintiff that for the sum of $1,500.00 it would place the equipment in good working order. In the testimony, specifically again that of Mr. Anderson, Mr. Brazan and Mr. Peltier, is to the effect that the equipment was not ever placed in good working order as called for by the terms of the agreement between Plaintiff and Defendant. The Court is of the opinion, therefore, that Plaintiff is not entitled to recover the sum sought for repairs to the machinery in question. With regard to the reconventional demand, the Defendant certainly became’aware of these defects some time in October of ’73. Despite that fact, he continued to use the harvester as much as was possible, brought no suit for a rescisión of the contract until the reconventional demand filed in this matter more than two years after the act of sale. The Court understands the law to be that an action in *418 redhibition or the action quanti minoris must be brought within one year of the sale or one year of the discovery of the defects. However, the law also recognizes the rule qua temporali which simply says that that which is permanent . temporary, rather, by way of offense is permanent by way of defense. I think that the Defendant’s action in redhibition comes too late and it will be denied. However, based upon the testimony of Mr. Anderson, Mr. Brazan and Mr. Peltier that the equipment was never placed in good working order as was the obligation of the Plaintiff, the Plaintiff’s suit will be dismissed at its cost. The reconventional demand will also be dismissed on the grounds that it was not timely filed.”
The trial judge’s remarks seem to indicate that the original claim for $4,429.71 was dismissed on two separate grounds: (1) the equipment was never placed in good working order and (2) Brazan is entitled to a reduction equal to that amount under “the rule qua temporali.”
We are more inclined to the view that Brazan is entitled to such relief as would be forthcoming if, as the record indicates, the agreement (to put the harvester in good working condition) was breached. Such a conclusion certainly obviates his responsibility to Thomson for the original $1,500 charge and for all additional charges which can reasonably be categorized and designated as “repairs” required to place the harvester in good working condition.
We have some difficulty in determining what falls into the category above described and have pretty much resorted to a conclusion based upon the trial court’s apparent finding.
Accordingly, the judgment is affirmed. Each party to this appeal is to pay its own costs.

AFFIRMED.

REDMANN, J., concurs.